UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x
NEPTALI PERALTA and MARIA JOVITA TAPIA
VILLANUEVA, on behalf of themselves, and those
similarly situated,

                Plaintiffs

      v.

CB HOSPITALITY AND EVENTS, LLC,
CB HOSPITALITY AND EVENTS II, LLC,
CB HOSPITALITY VENTURES HOLDINGS CORP.,
(DBA ST. NED PIZZA), CHRIS BARRETT,
and RAUL AVILA, jointly and severally,


                Defendants.
--------------------------------------------------------------------------------x

No.:

**PLAINTIFFS'
COLLECTIVE ACTION
COMPLAINT**

**WITH JURY DEMAND**

      Plaintiffs NEPTALI PERALTA (hereinafter "Plaintiff Peralta), and MARIA JOVITA TAPIA VILLANUEVA (hereinafter "Plaintiff Tapia"), on behalf of themselves, and those similarly situated, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

This lawsuit seeks to recover unpaid minimum wage overtime for plaintiffs and all others similarly situated Collective Action members. Plaintiffs further seek unlawfully withheld spread of hours premium, and statutory penalties for notice-and-recordkeeping violations for plaintiffs, as well as damages for violations of the NYCHRL. These named plaintiffs are hourly employees, prep cooks, who have worked at defendants' THC Pizza restaurants, CB HOSPITALITY AND EVENTS, LLC, CB HOSPITALITY AND EVENTS II, LLC, and CB HOSPITALITY VENTURES HOLDINGS CORP. (dba ST. NED PIZZA and hereinafter collectively referred to as ST. NED PIZZA), with establishments in the East Village at 235 E 4th St, New York, NY 10009 and in the Lower East Side at 302 Broome

1

Street, New York, NY 10002 as well as the seasonal Stoney Island Weed Garden in Coney Island at 3050 Stillwell Avenue, Brooklyn, NY 11224. They have been supervised by defendant Raul Avila as well as the owner of ST. NED PIZZA, Defendant Chris Barrett.

1.      Defendants have deprived plaintiffs and their co-workers of minimum wage and overtime pay since at least on or about October 2020  in violation of the Fair Labor Standards Act ("FLSA").

2.      Defendants have deprived plaintiffs of minimum wage, overtime pay and spread of hours premium since at least on or about October 2020  in violation of the New York Labor Law ("NYLL").

3.      Defendants have violated notice-and-recordkeeping requirements by failing to provide statements along with wages listing the name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages. Defendants have further violated the requirement that they provide, upon employee request, explanations of how wages were calculated in violation of NYLL §195(3).

4.      Defendants have violated notice-and-recordkeeping requirements by failing to provide employees with wage notices as required on February 1 of every year in violation of NYLL § 195(1).

5.      Plaintiffs brings this action on behalf of themselves and similarly situated current and former employees who elect to opt-in to this action pursuant to 29 U.S.C. §§201 *et seq.* of the FLSA, and specifically, the collective action provision of 29 U.S.C. §216(b), to remedy violations of the wage-and-hour provisions of the FLSA.

2

6.     Plaintiffs also bring this action on behalf of themselves and similarly situated current and former employees pursuant to Rule 23 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) to remedy violations of Article 6, §§190 *et seq*., and Article 19 §§650 *et seq*. of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7.     Jurisdiction is proper as this Court has original federal question jurisdiction under 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§201, *et seq.* This Court has supplemental jurisdiction over the NYLL claims, as they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

8.     As stated below ST. NED PIZZA is an employer engaged in commerce as defined in the FLSA, 29 U.S.C. §203(s).

9.     Upon information and belief, ST. NED PIZZA is subject to personal jurisdiction in the State of New York since it is located in New York County, State of New York.

10.     Venue is proper in this District because Defendants conduct business in this Judicial District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFFS**

**Plaintiff Maria Jovita Villanueva**

11.    Plaintiff Maria Jovita Tapia Villanueva ("Plaintiff Tapia") is an adult individual who is a resident of Bronx County, State of New York.

12.    Plaintiff Tapia was employed as a dessert preparer by defendants from on or about April 15, 2021, to on or about October 8, 2021.

13.    As a dessert preparer for ST. NED PIZZA, Plaintiff Tapia was a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

14.    Plaintiff Tapia is over the age of 40.

**Plaintiff Neptali Peralta**

15.    Plaintiff Peralta is an adult individual who is a resident of Queens County, State of New York.

16.    Plaintiff Peralta was employed as a cook by defendants from on or about June 4, 2021 to on or about November 2021 at ST. NED PIZZA.

17.    As a cook for ST. NED PIZZA Plaintiff Peralta was a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

18.    Plaintiff Peralta is over the age of 40.

19.    Plaintiff Peralta is a national of Ecuador.

**DEFENDANTS**

20.    Defendants CB HOSPITALITY AND EVENTS, LLC, CB HOSPITALITY AND EVENTS II, LLC, and CB HOSPITALITY VENTURES HOLDINGS CORP. are New York Corporations doing business as ST. NED PIZZA with establishments selling THC Pizza in the East Village at 235 E 4th St, New York, NY 10009 and in the Lower

4

East Side at 302 Broome Street, New York, NY 10002 as well as the seasonal Stoney Island

Weed Garden in Coney Island at 3050 Stillwell Avenue, Brooklyn, NY 11224.

21.     Defendant Chris Barrett (hereafter "Defendant Barrett"), on information

and belief is a resident of New York County, New York.

22.     Defendant Chris Barrett, who at all times relevant to this complaint has been

the owner and principal of manager of ST. NED PIZZA, has exercised control over

plaintiffs' schedule, pay, and working conditions and exercised the right to hire and fire

plaintiffs.

23.     Defendant Raul Avila (hereafter "Defendant Avila"), on information and

belief is a resident of New York County, New York.

24.     Defendant Raul Avila, who at all times relevant to this complaint has been

a manager of ST. NED PIZZA, has exercised control over plaintiffs' schedule, pay, and

working conditions and exercised the right to hire and fire plaintiffs.

25.     Each defendant jointly and severally employed Plaintiffs at all times

relevant to this complaint at one or more of their restaurant locations. Each defendant has

had, individually and jointly, substantial control over plaintiffs' wages, hours and working

conditions.

26.     Upon information and belief, based on information provided by plaintiffs,

employees of defendants, Defendants CB HOSPITALITY AND EVENTS, LLC, CB

HOSPITALITY AND EVENTS II, LLC, and CB HOSPITALITY VENTURES

HOLDINGS CORP. are a joint enterprise whose annual gross volume of sales made, or

business done, is in excess of $500,000. Specifically, ST. NED PIZZA is a popular

restaurant with a thriving, high traffic locations at 235 E 4th St, New York, NY 10009 and

302 Broome Street, New York, NY 10002 as well as the seasonal Stoney Island Weed Garden in Coney Island at 3050 Stillwell Avenue, Brooklyn, NY 11224.

27.     Further upon information and belief, CB HOSPITALITY AND EVENTS, LLC operates not only the 235 E 4th St, New York, NY 10009 but also two other locations, as well as a thriving delivery business.

28.      As such, based on plaintiffs' personal knowledge of defendants' business, as well as upon information and belief, defendants are an enterprise engaged in commerce as defined by 29 U.S.C. §203.

29.     Upon information and belief, as well as first-hand knowledge of plaintiffs, employees of defendants, ST. NED PIZZA regularly conducted interstate business. Specifically, ST. NED PIZZA has regularly accepted credit card payments debiting funds from out-of-state bank accounts. In addition, many of the staples served at the restaurant include products grown out of state such as olives, pineapple, Italian tomatoes, and THC from out of state.

30.     Defendants are covered employers within the meaning of the 29 U.S.C. §203(d) and NYLL §190.

31.     Upon information and belief, defendants have had control over all employment practices covering Plaintiffs and the collective action members, including wages, scheduling and the hiring and firing of employees.

**PLAINTIFFS**

**Common Allegations**

32.     For all of the named plaintiffs whose individual factual allegations are stated below, (and except those specifically noted) the following common facts apply to each of the named plaintiffs, as well as all those similarly situated:

- At all times relevant, defendants failed to provide plaintiffs with wage statements or explanations of how their wages were calculated in violation of NYLL § 195(3).

- At all times relevant, defendants failed to provide plaintiffs with wage notices as required on February 1 of every year in violation of NYLL § 195(1).

- At all times relevant, defendants have failed to pay plaintiffs in accordance with the minimum wage provisions of FLSA, 29 U.S.C. § 206 and NYLL § 652.

- At all times relevant, defendants failed to pay plaintiffs at the overtime rate for all hours in excess of forty (40) hours per workweek, in violation of the overtime provisions of FLSA, 29 U.S.C. § 207 and NYLL §§650 *et seq.* and regulations promulgated thereunder.

- At all times relevant, defendants failed to provide plaintiffs with adequate meal breaks in violation of NYLL §§162 *et seq.*

- At all times relevant, defendants failed to pay Plaintiffs the spread of hours premium in violation of NYLL.

- At all times relevant, defendants took unlawful deductions and tools of the trade deductions in violation of FLSA and NYLL.

**Individual Factual Allegations**

**<u>Maria Jovita Tapia Villanueva</u>**

33.    Plaintiff Tapia was hired by manager Jesus Guzman who assigned her her hours and told her that her hourly rate pay would be $20, which was never paid to her.

34.    At all times Plaintiff Tapia reported directly to Jesus Guzman and then later and to Raul Avila who was known to Plaintiff Tapia as the manager.

35.    At all times relevant, Plaintiff Tapia worked primarily as a dessert preparer.

36.    At no time was Plaintiff Tapia given breaks of any kind.

37.    At all times relevant Plaintiff Tapia was not paid overtime nor minimum wage.

38.    Further at no time was Plaintiff Tapia paid the spread of hours premium for those days on which she worked in excess of ten hours.

39.    Further Plaintiff Tapia was required to purchase her own uniform to perform her work as a prep person.

40.    In the period from April 15, 2021, to on or about August 2021, Plaintiff Tapia worked Monday- Friday from 8am to midnight. She was off on Saturday and Sundays.

41.    Thus, in the period from April 15, 2021, to on or about August 2021 Plaintiff Tapia eighty (80) hours per week over the course of five days per week and was paid $700 for a rate of $8.75 per hour.

42.    She was paid in cash in an envelope with her name on it every Thursday or Friday.

43.     After Defendant Avila became Plaintiff Tapia's manager he told Plaintiff Tapia that there were changes of staff that needed to be done to bring "his people" whom he referred to as "chilangos" meaning Mexicans from Mexico City to work there.

44.     Defendant Avila further told Plaintiff Tapia that he wanted to replace workers with young people. Plaintiff Tapia is over the age of 40.

45.     In the period from September 2021 to October 2021, Defendant Raul Avila reduced Plaintiff Tapia's hours to 12pm to 12am five days a week. She was off on Mondays and Tuesdays.

46.     Thus, in the period from September 2021 to October 2021, Plaintiff Tapia worked sixty (60) hours per week and was paid $600 for a rate of $10.00 per hour.

47.     Her hours were reduced to 12 hours per day ostensibly because the "restaurant was not busy," as she was told by Defendant Raul Avila.

48.     In October 2021, Plaintiff Tapia was instructed to take a week off because the restaurant was slow and then she was never called back to work.

49.     Upon information and belief Plaintiff Tapia was replaced by a younger worker.

**Neptali Peralta**

50.     Plaintiff Peralta was scheduled to work 3 days a week from 11a.m. to 11p.m.

51.     Accordingly, initially Plaintiff Peralta regularly worked thirty (36) hours per week over the course of three days per week and was paid by company checks and through a payroll service.

52.     Plaintiff Peralta was promised $20 per hour for all hours worked and was initially paid such.

9

53.     After Defendant Raul Avila became his manager in July or August 2021 however, Plaintiff Peralta began to be required to work approximately 4 hours per week in excess of his scheduled 36 hours per week and he was entirely uncompensated for these 4 hours per week time.

54.     Further, at no time did the checks accurately report Plaintiff Peralta's hours worked, many paychecks stating 0 hours worked and no rate of pay.

55.     At no time did Plaintiff Peralta receive wage notices as required.

56.     Plaintiff Peralta initially reported to Manager Adriana LNU and later he reported to Defendant Raul Avila.

57.     At no time was Plaintiff Peralta given breaks of any kind.

58.     Further Plaintiff Peralta was required to purchase his own uniform to perform his work as a cook.

59.     Defendant Raul Avila told Plaintiff Peralta that there were changes of staff that needed to be done to bring "his people" whom he referred to as "chilangos" meaning Mexicans from Mexico City to work there.

60.     Plaintiff Peralta is from Ecuador.

61.     Defendant Raul Avila further told Plaintiff Peralta that he wanted to replace workers with young people. Plaintiff Peralta is over the age of 40.

62.     Defendant Raul Avila began to cut Plaintiff Peralta's hours, telling him the restaurant was slow. Eventually Defendant Raul Avila took Plaintiff Peralta off the schedule.

63.     After Defendant Raul Avila took Plaintiff Peralta off the schedule he said he would offer him hours as a dishwasher but Plaintiff Peralta never received a call back to work.

64.     Upon information and belief Plaintiff Peralta was replaced by a younger worker from Mexico.

65.     Due to his wrongful termination, Plaintiff Peralta was without employment from November 2021 to March 2022.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

66.     Named plaintiffs bring their first and second claims for relief as a collective action under Section 16(b), 29 U.S.C. § 216(b) of the FLSA on behalf of all hourly workers employed by defendants CB HOSPITALITY AND EVENTS, LLC, CB HOSPITALITY AND EVENTS II, LLC, and CB HOSPITALITY VENTURES HOLDINGS CORP. at all of their three locations, between on or about October 2020 and the date of final judgment in this matter that elect to opt in to this action. Such plaintiffs are hereinafter referred to as the "FLSA Collective Plaintiffs."

67.     Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully within the meaning of FLSA, 29 U.S.C. § 216.

68.     At all times relevant to this complaint, and upon information and belief, named Plaintiffs and the FLSA Collective Plaintiffs are and/or have been similarly situated, and have had substantially similar compensation provisions. Thus, the claims of plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

11

69.     Named Plaintiffs and the FLSA Collective Plaintiffs have been subject to defendants' policies and practices of willfully failing to pay them in accordance with minimum wage requirements in violation of FLSA, 29 U.S.C. § 206.

70.     Named Plaintiffs and the FLSA Collective Plaintiffs have been subject to defendants' policies and practices of willfully failing to pay overtime at a rate of one and a half times their hourly rate for hours worked in excess of forty (40) per workweek in violation of FLSA, 29 U.S.C. § 207.

71.     For notice and all other purposes related to claims brought under FLSA, 29 U.S.C. § 216(b), the names and addresses of the FLSA Collective Plaintiffs are available from defendants' records. Notice can be provided via first class mail to the last address known to defendants for each of the FLSA Collective Plaintiffs.

**FIRST CLAIM FOR RELIEF**

**(FLSA Minimum Wage Claim, 29 U.S.C. §§ 201 *et seq.,* Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

72.     Plaintiffs on behalf of themselves and the FLSA Collective Plaintiffs, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

73.     At all times relevant, each defendant has been, and/or continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

74.     At all times relevant, defendants employed plaintiffs and FLSA Collective Plaintiffs as "employees" within the meaning of FLSA, 29 U.S.C. § 203.

75. Defendants were required to pay plaintiffs and the FLSA Collective Plaintiffs at a rate not less than the minimum wage rate under the FLSA for all hours worked.

76. Upon information and belief, defendants knowingly failed to pay Plaintiffs and FLSA Collective Plaintiffs the required minimum wage under the FLSA for each hour worked.

77. Plaintiffs on behalf of themselves and the FLSA Collective Plaintiffs, seek damages for their unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, along with such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(FLSA Overtime Claim, 29 U.S.C. § 201 *et seq.* Brought by Plaintiff Tapia on Behalf of Herself and the FLSA Collective Plaintiffs)**

78. Plaintiff Tapia, on behalf of herself and the FLSA Collective Plaintiffs, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

79. Throughout the period covered by the applicable statute of limitations and upon information and belief, Plaintiff Tapia and other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

80. At all times relevant, and upon information and belief, defendants have repeatedly and willfully failed to pay the named Plaintiff Tapia and the FLSA Collective Plaintiffs in accordance with the overtime provisions of the FLSA for work performed in excess of forty (40) hours per workweek.

81.     Plaintiff Tapia, on behalf of herself and the FLSA Collective Plaintiffs, seek and are entitled to recover damages for their unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

**(New York State Minimum Wage Act Claim, NYLL Article 19 §§ 650 *et seq.*,**

**Brought by Plaintiffs on Behalf of Themselves)**

82.     Plaintiffs, on behalf of themselves repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

83.     Throughout the period covered by the applicable statute of limitations and upon information and belief, defendants knowingly paid plaintiffs less than the minimum wage as required by NYLL and the supporting regulations of the New York State Department of Labor.

84.     Defendants did not pay the minimum wage for all hours worked by plaintiffs.

85.     Upon information and belief, defendants' failure to pay plaintiffs the minimum wage was willful within the meaning of the NYLL.

86.     Plaintiffs seek to recover their unpaid compensation, liquidated damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF

**(New York State Minimum Wage Act - Overtime Claim, NYLL § 650 *et seq.*,**

**Brought by Plaintiff Tapia on Behalf of Herself)**

87.     Plaintiff Tapia, on behalf of herself repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

88.     Throughout the period covered by the applicable statute of limitations and upon information and belief, defendants willfully and repeatedly failed to pay plaintiffs at the overtime rate for hours worked in excess of forty (40) hours per workweek as required by NYLL.

89.     Plaintiffs seek and are entitled to recover their respective unpaid compensation, damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

90.     Plaintiffs have been damaged in an amount as yet determined, plus liquidated damages.

## FIFTH CLAIM FOR RELIEF

**(Notice-and-Recordkeeping Requirements, NYLL § 195(3), Brought by Plaintiffs on Behalf of Themselves)**

91.     Plaintiffs, on behalf of themselves, repeat, reiterate, and incorporate each and every preceding paragraph as if set forth fully herein.

92.     Defendants have failed to provide plaintiffs with wage statements or explanations of how their wages were calculated in violation of NYLL § 195(3).

93.     Plaintiffs have been damaged in an amount as yet determined, plus liquidated damages.

## SIXTH CLAIM FOR RELIEF

**(Notice-and-Recordkeeping Requirements, NYLL § 195(1), Brought by Plaintiffs on Behalf of Themselves)**

94.     Plaintiffs, on behalf of themselves repeat, reiterate, and incorporate each and every preceding paragraph as if set forth fully herein.

95.     Defendants have failed to provide plaintiffs with wage notices as required on February 1 of every year in violation of NYLL § 195(1).

96.     Plaintiffs have been damaged in an amount as yet determined, plus liquidated damages.

## NINTH CLAIM FOR RELIEF

### (Spread-of-Hours Pay Violation pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4, Plaintiff Tapia on Behalf of Herself)

97.     Plaintiff Tapia, on behalf of herself, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

98.     Defendants regularly and knowingly required Plaintiff Tapia to work in excess of ten (10) hours per day.

99.     Defendants knowingly, willfully, and intentionally failed to pay Plaintiff Tapia one extra hour's pay at minimum wage for every day in which the interval between plaintiffs' start and end times exceeded ten hours, in violation of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4.

100.    Because of defendants' willful violation of the NYLL, Plaintiff Tapia is entitled to recover from defendants, jointly and severally, their unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## TENTH CLAIM FOR RELIEF

**(New York City Human Rights Law: National Origin Discrimination Unlawful Discriminatory Practices Brought by Plaintiffs Defendants St. Ned Pizza And Raul Avila)**

101.   Plaintiff Peralta repeats and realleges all the allegations in this complaint and specifically allegations as if set forth fully herein.

102.   Based on those allegations, Defendants discriminated against Plaintiff Peralta on the basis of his perceived immigration status, by subjecting him to unlawful termination based on his Ecuadorean nationality.

103.   Due to Defendants' violation of the New York City Human Rights Law, Plaintiff Peralta is entitled to recover from Defendants St. Ned Pizza, CB Hospitality And Events, LLC And Raul Avila damages in a sum to be determined by a jury.

**TENTH CLAIM FOR RELIEF**

**(New York City Human Rights Law: Age Discrimination Unlawful Discriminatory Practices Brought by Plaintiffs Against Defendants St. Ned Pizza And Raul Avila)**

104.   Plaintiffs repeat and reallege all the allegations in this complaint and specifically allegations as if set forth fully herein.

105.   Based on those allegations, Defendants St. Ned Pizza, CB Hospitality And Events, LLC And Raul Avila discriminated against Plaintiffs on the basis of their age.

106.   Due to Defendants' violation of the New York City Human Rights Law, Plaintiffs are entitled to recover from Defendants damages in a sum to be determined by a jury.

**RELIEF SOUGHT**

**WHEREFORE**, plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, request relief as follows:

A.   Designation of this action as a collective action for the purposes of the claims brought on behalf of the FLSA Collective Plaintiffs, along with prompt issuance of opt-in notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class;

B.   Designation of plaintiffs as representatives of the FLSA Collective Plaintiffs;

C.   An order declaring that defendants violated the FLSA in the manners stated in this complaint;

D.   An order declaring that defendants' violations of the FLSA were willful;

E.   An order declaring that defendants violated the NYLL in the manners stated in this complaint;

F.   An order declaring that defendants' violations of the NYLL were willful;

G.   An award of overtime compensation under the FLSA and NYLL;

H.   An award of minimum wage compensation under the FLSA and NYLL;

I.   An award of spread of hours premium under the NYLL to Plaintiff Tapia;

J.   An award of liquidated damages pursuant to the FLSA;

K.   An award of liquidated damages for violations of NYLL;

L.   All penalties available under the applicable laws;

M.   Attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663 and all other applicable statutes;

N.   An award of all damages recoverable under New York City Human Rights Law for Plaintiffs.

O.  Interest as provided by law; and

P.  Such other relief as this Court deems just and proper.


## <u>JURY TRIAL</u>

Plaintiffs demand a jury trial for all causes of action and claims for which they have a

right to a jury trial.

Dated:  New York, New York
         December 22, 2022

                               Respectfully submitted,

                               JULIEN MIRER & SINGLA, PLLC

                               By: Ria Julien
                               Attorney for Plaintiffs
                               1 Whitehall St., 16th floor
                               New York, NY 10038
                               (212) 231-2235
                               rjulien@workingpeopleslaw.com