```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/26/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
NEPTALI PERALTA, *et al.*,                                          :
                                                                    :
                              Plaintiffs,                           :    1:22-cv-10805-GHW
                                                                    :
              -v -                                                  :    ORDER
                                                                    :
CB HOSPITALITY AND EVENTS, LLC, *et al.*,                           :
                                                                    :
                              Defendants.                           :
                                                                    :
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On August 24, 2024, the parties submitted a motion for leave to file a proposed settlement agreement that would dismiss with prejudice Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and New York City Human Rights Law ("NYCHRL"). Dkt. No. 62. "[P]arties cannot enter into private settlements of FLSA claims without either the approval of the district court or the Department of Labor." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Accordingly, the Court must review the parties' proposed settlement of their FLSA claims to determine whether it is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).

Plaintiffs' claims under the NYCHRL allege discrimination based on national origin (Count 8) and age (Count 9). Dkt. No. 29 at 20–21 (First Amended Complaint). These claims are distinct from Plaintiffs' claims under the FLSA and are therefore not subject to the Court's review of the proposed settlement. *See Santos v. Yellowstone Properties, Inc.*, No. 15 CIV. 3986 (PAE), 2016 WL 2757427, at *3 (S.D.N.Y. May 10, 2016) (reviewing the parties' settlement of claims under the FLSA and NYLL, but not their "separate resolution of non-wage-and-hour claims"). The parties' motion states that their proposed settlement amount "accounts for Plaintiffs' NYCHRL claims," but it does not specify what portion of the amount is attributable to the NYCHRL claims. Dkt. No. 62 at 4.

To ensure that the Court can properly review the parties' proposed settlement of Plaintiffs' FLSA claims, the parties are directed to file a joint letter by no later than September 6, 2024 specifying what portion of the proposed settlement amount is attributable to Plaintiffs' NYCHRL claims.

The Court will then hold a hearing with respect to the fairness of the parties' proposed settlement agreement by telephone on September 13, 2024 at 2:00 p.m.  The parties are directed to the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website. Rule 2 of the Court's Individual Rules contains the dial-in number for the conference and other relevant instructions.  The parties are specifically directed to comply with Rule 2(C) of the Court's Individual Rules.

SO ORDERED.

Dated: August 26, 2024  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge