USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                 :
NEPTALI PERALTA, *et al.*,           :
                                 :
                 Plaintiffs,     :                1:22-cv-10805-GHW
                                 :
              -v -              :                  ORDER
                                 :
CB HOSPITALITY AND EVENTS, LLC, *et al.*,   :
                                 :
                 Defendants.   :
                                 :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

On August 24, 2024, the parties submitted a motion for leave to file a proposed settlement agreement that would dismiss Plaintiffs' claims in this case with prejudice. Dkt. No. 62. "[P]arties cannot enter into private settlements of FLSA claims without either the approval of the district court or the Department of Labor." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Accordingly, the Court must review the parties' proposed settlement of their FLSA claims to determine whether it is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).

As part of the Court's review of the proposed settlement, the Court must evaluate the reasonableness of the proposed settlement's award of attorneys' fees. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). The Court may evaluate the award of attorneys' fees with reference to the "percentage of the recovery" method or the "lodestar" method. *See Fresno Cnty. Employees' Ret. Ass'n v. Isaacson/Weaver Family Tr.*, 925 F.3d 63, 68 (2d Cir. 2019). If the "percentage of the recovery" method is used, the Second Circuit encourages the calculation of the lodestar as a "cross check" on the reasonableness of the requested percentage. *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (citation omitted).

The parties' motion for approval of the proposed settlement does not provide materials documenting the hours that Plaintiff's counsel has billed to this case. *See* Dkt. No. 62 at 6. The Court requires such documentation in order to perform a lodestar calculation, regardless of which method it employs to evaluate the parties' proposed award of attorneys' fees. *See Goldberger*, 209 F.3d at 50.

On August 26, 2024, the Court ordered the parties to file a joint letter by September 6, 2024 specifying what portion of the proposed settlement amount is attributable to Plaintiffs' non-FLSA claims. Dkt. No. 63. The parties are directed to attach to that letter a sworn affidavit from Plaintiffs' counsel documenting the hours it has billed to this case. The affidavit must provide sufficient information for the Court to perform a lodestar calculation.

The deadlines in this case otherwise remain in full force and effect.

SO ORDERED.

Dated:  September 3, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge

2